STEPTOE & JOHNSON LLP
Robyn Crowther, Bar No. 193840
rcrowther@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, California 90071-3500
Telephone: 213 439 9400
Facsimile: 213 439 9599

STEPTOE & JOHNSON LLP
David Bettwy, Bar, DC No. 311301 *(Pro Hac Vice forthcoming)*
dbettwy@steptoe.com
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: 202 429 3000
Facsimile: 213 429 3902

Attorneys for Plaintiff
IZMO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZMO, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIXT RENT A CAR, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT** <br><br> **2. VIOLATIONS OF THE DIGITAL MILENNIUM COPYRIGHT ACT** <br><br> <u>**JURY DEMAND**</u> |

COMPLAINT

Plaintiff, Izmo, Inc. ("Izmo") by and through its attorneys, for its Complaint against Defendant SIXT Rent a Car, LLC ("SIXT"), alleges as follows:

## PARTIES

1. Izmo is a Delaware corporation with its principal place of business in San Francisco, California.

2. SIXT is a Delaware limited liability company with its principal place of business in Sunrise, Florida. SIXT has been registered to do business in California since February 12, 2014 and remains qualified to do business in the State today.

3. Izmo is informed and believes that SIXT has engaged in business in this District by, among other things, offering for rental and sale products and services throughout the state of California. SIXT's website and mobile applications are distributed throughout the United States in the stream of interstate commerce, and are available for use within California and this District. According to its website, www.sixt.com, SIXT maintains 17 locations in Los Angeles where consumers can rent vehicles. https://www.sixt.com/car-rental/usa/los-angeles/#/. The website proclaims that SIXT has "many different rental stations in the city, including locations in Beverly Hills, Los Angeles International Airport, Koreatown, and Malibu" and that customer service agents are available 24/7 to assist. *Id.*

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a).

## FACTUAL ALLEGATIONS

7. Izmo creates a wide collection of photographic images of automobiles and accessories at its studios in Long Beach, California and Brussels, Belgium (the "Images"). It has created hundreds of thousands of images and registered the copyrights to those images with the United States Copyright Office and received Certificates of Copyright Registration for them. Izmo spent substantial time, money and talent creating its studios and producing, developing and marketing the Images.

8. Izmo licenses the Images to third parties for use on their websites and in their businesses. Potential customers of Izmo may purchase licenses from Izmo for use of the Images for certain regions, media, purposes, and terms of use. The Images are original photographs of various vehicles, created by Izmo. The Images reflect Izmo's decisions about lighting, shading, angle, and background. They are thus copyrighted works under the Copyright Act of 1976.

9. Izmo image library consists of model level coverage from 2002 forward for U.S. car models, and from 2008 forward for European car models.

10. Izmo also syndicates its data to partners who display the listings on their websites. Izmo's clients include automobile dealers, advertising and marketing companies as well as major rental car companies including Hertz, Budget/Avis, Europcar, and Enterprise. With respect to rental car companies, Izmo enters into multi-year contracts providing its entire library of images so that the companies can use the photographs that match the vehicles in its fleet. These license agreements carry substantial fees and establish terms intended to further protect Izmo's intellectual property, including the following terms: (a) the images may be used on licensed domains only; (b) the images may not be altered, including name, copyright notice, except when expressly permitted; (c) the images must remain associated to the rental listing for which it is provided; and (d) the image is not permitted to be relicensed.

11. SIXT is a rental car company that operates in the United States, including maintaining a website that offers rental vehicles at locations throughout the country. SIXT's website includes a photograph of each vehicle offered, for example:



12. For certain of SIXT's listings, including the example in Paragraph 11 above, SIXT included one of Izmo's images in listings and advertisements made available on SIXT's websites, mobile applications, social media accounts and through third-party websites such as Priceline and KAYAK . Izmo has discovered that SIXT used at least 42 of Izmo's copyrighted images and is informed and believes and on that basis alleges that SIXT used additional copyrighted images without Izmo's knowledge or consent.

13. SIXT was well-aware that these images belonged to Izmo, were protected by copyright and only available for use if licensed from Izmo. Beginning as far back as September 2016, SIXT was in contact with Izmo to discuss licensing

1  Izmo's images for use by SIXT and its franchise partners. However, SIXT never
2  entered into a licensing agreement with Izmo.

3       14.   In or around February 2020, Izmo discovered that SIXT was
4  displaying Izmo's copyrighted images in listings for automobiles published on its
5  website, mobile applications, carsharing website (www.limozeenac.com), social
6  media accounts, a van rental website and in paid digital advertising on third party
7  websites. Izmo is informed and believes and on that basis alleges that SIXT copied
8  Izmo's images and reproduced and distributed them to consumers accessing SIXT's
9  website, mobile applications, social media websites and third-party marketing
10 companies.

11      15.   Attached hereto as Exhibit A and incorporated by reference as if fully
12 set forth here is a list of SIXT's infringements that Izmo has discovered on listings
13 for rental cars available in the United States including the following information:
14           a. Image Number
15           b. Izmo Registered Image File Name
16           c. Izmo Image Copyright Registration Number
17           d. Izmo Image Copyright Registration Date

18      16.   The copyrights for all images that are the subject of this Complaint
19 were registered before February 2020 and, therefore, before Izmo discovered
20 SIXT's infringing activity.

21      17.   Izmo owned the copyrights in all of the images included on Exhibit A
22 at the time of the infringement and continues to own those copyrights today.

23      18.   SIXT publicly and unlawfully reproduced and/or displayed the
24 copyrighted images included on Exhibit A without Izmo's authorization, consent,
25 permission, license, and without compensation to Izmo.

26      19.   Izmo is informed and believes and on that basis alleges that SIXT
27 removed and/or modified information on the images included on Exhibit A that
28

identified Izmo as the creator and/or owner of the image and distributed and displayed images with missing or altered copyright management information.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### (COPYRIGHT INFRINGEMENT)

20. Izmo repeats and realleges every allegation contained in Paragraphs 1-19 as if fully set forth herein.

21. Izmo is the owner of valid copyright registrations in the Images.

22. Without authorization, consent, permission, license, and/or compensation, SIXT publicly and unlawfully reproduced and/or displayed Izmo's copyrighted images in violation of 17 U.S.C. §§ 106(1), (5), (6) and 501 and thereby infringed Izmo's copyrights.

23. SIXT's infringement includes, but is not limited to, the 42 images listed on Exhibit A.

24. Each of the Images, including each of the 42 images listed on Exhibit A, is a separate work.

25. Izmo is informed and believes and on that basis alleges that SIXT's infringement was willful, intentional and/or reckless. SIXT was aware that Izmo owned the Images and would permit use of them only pursuant to a license agreement and SIXT never entered into any such agreement with Izmo and displayed and/or distributed Izmo's photographs despite such knowledge.

26. Izmo has been damaged by SIXT's conduct in an amount to be proven at trial, but in any event exceeding $1 million.

### SECOND CAUSE OF ACTION

### (REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION)

27. Izmo repeats and realleges every allegation contained in Paragraphs 1-19 as if fully set forth herein.

28. Each of the Images is an original pictorial work, each with independent economic value, and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

29. Izmo identified each of the Images, including those listed on Exhibit A, with copyright management information.

30. Izmo is informed and believes and on that basis alleges that SIXT intentionally removed and/or altered the copyright management information prior to using the Images and distributed them knowing that the copyright management information had been removed without Izmo's permission or authority, and did not provide any other copyright attribution information on the screens where it displayed the Images.

31. Izmo has been damaged by SIXT's removal of copyright management information in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREAS Izmo prays for relief as follows:

1. For an award, at Izmo's election, pursuant to 17 U.S.C. § 504 of either (1) the actual damages suffered by Izmo with respect to past infringement, plus any additional profits of SIXT that are attributable to the infringement that are not taken into account in computing actual damages; or (2) statutory damages as provided by Section 504(c) in an amount to be proven at trial but in excess of $4,000,000.

2. For a finding that the infringement by SIXT was willful, and for an award to Izmo, at its election, of statutory damages against Izmo for willfully committing infringement as provided by 17 U.S.C. § 504 in an amount to be proven at trial but in excess of $4,000,000.

3. For an award at Izmo's election, pursuant to 17 U.S.C. § 1203, of either (1) the actual damages suffered by Izmo as a result of SIXT's violations, plus any additional profits of SIXT that are attributable to the violation that are not taken

into account in computing the actual damages; or (2) statutory damages as provided by Section 1203(c) in an amount to be proven at trial but in excess of $4,000,000.

4. For an order that SIXT account for all sales, revenues, costs and profits from their wrongful conduct and unauthorized use of Izmo's copyrights, and that SIXT pay Izmo damages in an amount to be proven at trial, but including SIXT's profits and actual damages suffered by Izmo as a result of SIXT's wrongful acts;

5. For an award of Izmo's attorneys' fees, expenses and costs, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1203;

6. For an award to Izmo of pre- and post-judgment interest; and

7. For an award to Izmo of such other and further relief as the Court deems just and proper.

Dated: November 23, 2020      STEPTOE & JOHNSON LLP

By: /s/ Robyn C. Crowther
Robyn C. Crowther
David Bettwy, *(Pro Hac Vice forthcoming)*

Attorneys for Plaintiff
IZMO, INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure Rule 38, Izmo hereby demands a trial by jury on all issues so triable.

Dated: November 23, 2020

STEPTOE & JOHNSON LLP

By: */s/ Robyn C. Crowther*
Robyn C. Crowther
David Bettwy, *(Pro Hac Vice forthcoming)*

Attorneys for Plaintiff
IZMO, INC.